■ RICHARD REUNIS, Respondent, v VINCENT J. BOWEN et al, Appellants. (And Another Action.)—In a consolidated action to declare plaintiff the owner of 25% of the stock of defendant corporation, to impose a constructive trust upon certain real property owned by defendant corporation, and to obtain an accounting, defendants appeal from so much of a

judgment of the Supreme Court, Suffolk County (Geiler, J.), dated June 27, 1984, as adjudged that plaintiff is entitled to a 50% ownership in the real property.

Judgment modified by deleting the first decretal paragraph thereof and substituting therefor: "ADJUDGED, that upon termination of the business of defendant Riverhead Toyota, Inc. and liquidation of its assets, plaintiff shall be entitled to 50% of the net proceeds of the sale of the real property which presently houses the corporate offices, showroom and repair shop of the defendant Riverhead Toyota, Inc. at Riverhead, New York, and, it is further". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

The issues herein were presented to Trial Term upon "a stipulation as to the testimony that each party would have given if called to testify at a trial" and certain documents. The parties now debate the inferences to be drawn therefrom.

A handwritten memorandum, dated September 2, 1977, and signed by the plaintiff Richard Reunis and defendant Vincent Bowen, who are the sole shareholders of the corporate defendant, Riverhead Toyota, Inc., set forth the individual parties' agreement concerning the distribution of the corporate assets upon either the death of a shareholder, or termination of the business of the corporate defendant and liquidation of its assets. Specifically, the agreement provided, in pertinent part, as follows: "WHEREAS, and *[sic]* agreement is made, that upon the sale of Riverhead Toyota the Building on Route 58 which Richard Reunis owned 50 percent will be shared 50 percent upon sale with Vincent Bowen."

We find that pursuant to the shareholders' agreement, plaintiff Reunis does not have a current 50% ownership in the real property on Route 58, which is currently in the corporate name and presently houses the corporate offices, showroom and repair shop of the corporate defendant at Riverhead, New York. However, upon the termination of the business of the corporate defendant and liquidation of its assets, plaintiff will be entitled to 50% of the net proceeds of the sale of the real property in question. The judgment has been modified accordingly.

Defendants' remaining contentions have been considered and found to be without merit. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.